IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Civil Action No. _____

| | |
|---|---|
| **Glenda J. Mooneyham, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Bitcoin Depot, Inc.; Bitcoin Depot Operating, LLC (d/b/a Bitcoin Depot); Circle K Stores, Inc.,**<br><br>**Defendants.** | 3:24-cv-1774-SAL<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

TO: The Honorable Judges of the United States District Court
District of South Carolina
Columbia Division

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant Circle K Stores, Inc. ("Circle K"), hereby files this Notice of Removal showing this Honorable Court the following:

1. Plaintiff filed this class action against Bitcoin Depot, Inc., Bitcoin Depot Operating, LLC (together, the "Bitcoin Depot Defendants"), and Circle K (collectively, "Defendants") in the Court of Common Pleas of Richland County, South Carolina. Defendants remove this action to the United States District Court for the District of South Carolina, Columbia Division, which is the judicial district and division in which the class action[1] is currently pending.

---

[1] Defendants object to certification of this matter as a class action. However, assuming, *arguendo*, that this matter is certified as a class action, and based upon the allegations in the Complaint, the requirements of 28 U.S.C. § 1332(d)(2) would be met, conferring this Court with original jurisdiction over this matter.

2. This class action was commenced on March 8, 2024, though Circle K was not served with the Summons and Complaint until March 11, 2024. Bitcoin Depot Operating, LLC was also not served until March 11, 2024. Bitcoin Depot, Inc. has not been served at this time, but also consents to this removal[2]. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants consent to removal. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of such service. The time within which Defendants are required to answer or otherwise plead has not expired.

3. "[R]emoval pursuant to [the Class Action Fairness Act] is permissible if the removing party can establish: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, § 1332(d)(2)(A); and (3) there are 100 or more plaintiff class members, § 1332(d)(5)(B)." *Russo v. Eastwood Constr. Partners, LLC*, No. 2:22-CV-1686-DCN, 2023 WL 2386453, at *5 (D.S.C. Mar. 7, 2023).

4. First, although the Complaint does not allege a specific amount in controversy, it is facially apparent from the Complaint that the sum exceeds $5,000,000 on a class basis.

5. "In determining whether the amount in controversy exceeds the $5,000,000 jurisdictional threshold, the appropriate measure is not the amount of damages plaintiffs will ultimately recover, but rather the alleged amount in controversy." *Russo*, 2023 WL 2386453, at *7 (citing *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631–32 (4th Cir. 2007)).

6. Plaintiff alleges she was defrauded in the amount of $30,000. Compl. ¶ 90. Plaintiff also alleges that "Bitcoin ATM scams have accounted for *millions of dollars* in losses to SC

---

[2] Bitcoin Depot, Inc. does not waive any defenses including those related to service of process.

residents in the past 3 years," though the putative class is not limited to that geographic or temporal scope. Compl. ¶ 49 (emphasis added). Plaintiff further alleges that there are "hundreds of Class members" that have been injured similarly to her. Compl. ¶ 54.

7. In determining whether the $5,000,000 amount in controversy requirement is met, the claims of the putative class members are aggregated. 28 U.S.C. § 1332(d)(6). With "hundreds of Class members" and losses of "millions of dollars" it is apparent the amount in controversy exceeds $5,000,000.

8. In addition, the Complaint seeks more than compensatory damages. Plaintiff also seeks punitive damages, treble damages, and attorneys' fees, each of which are to be considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 6 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Russo*, 2023 WL 2386453, at *8 (including "the possibility of treble damages, punitive damages, and attorneys' fees" in determining whether the $5,000,000 amount in controversy requirement of the Class Action Fairness Act had been met); *Meadows v. Nationwide Mut. Ins. Co.*, No. 1:14-CV-4531, 2015 WL 3490062, at *2 (D.S.C. June 3, 2015) ("Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction."); *Hardig v. Certainteed Corp.*, 2012 WL 423512, at *2 (W.D.N.C. Feb. 9, 2012) ("In analyzing the amount in controversy for cases removed under CAFA, treble damages, when demanded, must be included in the analysis."). Accordingly, the amount in controversy in this class action far exceeds $5,000,000 when punitive damages, treble damages, and attorneys' fees are added.

9. Second, according to the Complaint, the named plaintiff and defendants are citizens are different states. Plaintiff is a South Carolina citizen. Compl. ¶ 1. The Bitcoin Depot Defendants are citizens of Delaware and Georgia. Compl. ¶¶ 2-3. Circle K is a citizen of Texas and Arizona. Compl. ¶ 6. These allegations satisfy the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

10. Further, plaintiff purports to bring her action on behalf of the following class:

> All persons who have suffered damages as a result of the dangers created and/or enabled and [sic] the Defendants' lack of due care in attending to this know[n] behavior associated with Bitcoin ATM machines, particularly the use of Bitcoin ATM machines in predatory scams against the elderly.

Compl. ¶ 46.

11. Because the proposed class has no geographic limit, other putative class members are citizens of states different from any of the defendants. The class definition also satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

12. Third, plaintiff alleges that there are "hundreds of Class members" that have been injured similarly to her. Compl. ¶ 54. This allegation satisfies the requirement of 28 U.S.C. § 1332(d)(5)(B).

13. Because this class action has an amount in controversy exceeding $5,000,000, a member of the putative class is a citizen of a state different from any defendant, and the class exceeds one hundred members, removal is proper and this Court has jurisdiction under 28 U.S.C. § 1332(d).

14. Alternatively, to the extent this action is considered only in plaintiff's individual capacity (i.e., not on behalf of a class), this Court has original jurisdiction under 28 U.S.C. § 1332(a).

15. This Court has jurisdiction over civil matters when the amount in controversy exceeds $75,000, exclusive of interest and costs, and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

16. As discussed above, the named plaintiff and defendants are citizens of different states. Further, plaintiff seeks compensatory damages of at least $30,000, plus punitive damages, treble damages, and attorneys' fees. Together, these amounts exceed the amount in controversy requirement of 28 U.S.C. § 1332(a).

17. A Removal Notice, together with a copy of this Notice, will be filed with the Clerk of the Court of Common Pleas of Richland County, South Carolina, and will be served on Plaintiff's counsel.

18. Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice as Exhibit A (for Circle K) and Exhibit B (for the Bitcoin Defendants), and incorporates by reference, copies of all process, pleadings, and orders served upon it in this action, including the Complaint.

19. By filing this Notice, Defendants do not waive any defense that may be available to them.

WHEREFORE, Defendants hereby removes this case from the Court of Common Pleas of Richland County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division.

This 10th day of April, 2024.

| | |
|---|---|
| */s/ Paul D. Harrill* <br> Paul D. Harrill <br> Federal I.D. No. 5534 <br> pharrill@burr.com <br><br> BURR FORMAN LLP <br> Post Office Box 11390 <br> Columbia, SC 29211 <br> Telephone: 803.799.9800 <br><br> *Attorneys for Defendants Bitcoin Depot, Inc., and Bitcoin Depot Operating, LLC.* | */s/ Amanda P. Nitto* <br> Stephen M. Cox <br> Federal I.D. No. 6913 <br> scox@robinsonbradshaw.com <br><br> Amanda Pickens Nitto <br> Federal I.D. No. 12620 <br> anitto@robinsonbradshaw.com <br><br> Benjamin C. DeCelle <br> Federal I.D. No. 12995 <br> bdecelle@robinsonbradshaw.com <br><br> ROBINSON BRADSHAW & HINSON, P.A. <br> 202 E. Main St., Ste. 201 <br> Rock Hill, South Carolina 29730 <br> Telephone:    803.325.2900 <br> Facsimile:    803.325.2929 <br><br> *Attorneys for Defendant Circle K Stores, Inc.* |