**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
Civil Action No. 3:24-cv-01774-SAL**

| | |
|---|---|
| **Glenda J. Mooneyham, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Bitcoin Depot, Inc.; Bitcoin Depot Operating, LLC (d/b/a Bitcoin Depot); Circle K Stores Inc.,**<br><br>Defendants. | **DEFENDANT CIRCLE K STORES INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS AND TO DISMISS** |

Pursuant to Federal Rules of Civil Procedure 7(b), 12(b)(6), 12(f), and the Federal Arbitration Act (9 U.S.C. §§ 2-3), Defendant Circle K Stores Inc. ("Circle K") respectfully moves that this Court issue its Order compelling arbitration and staying proceedings or, alternatively, striking class allegations and dismissing Plaintiff's claims. In support of its Motion, Circle K shows that:

1. Plaintiff Glenda J. Mooneyham ("Mooneyham") asserts individual and class claims against Circle K for unfair and deceptive trade practices, public nuisance, and premises liability arising from the use of virtual currency kiosks located in Circle K's stores.

2. Those kiosks are owned and operated by Defendants Bitcoin Depot, Inc. and Bitcoin Depot Operating, LLC (d/b/a Bitcoin Depot) (collectively, "Bitcoin Depot").

3. When Mooneyham used a Bitcoin Depot kiosk, she agreed to Bitcoin Depot's terms and conditions, which require her to arbitrate "any matter concerning the Bitcoin Depot Offerings," including claims against Bitcoin Depot's marketing partners. Because Circle K is a Bitcoin Depot marketing partner and Mooneyham's claims concern Bitcoin Depot Offerings, Circle K moves to

1

compel arbitration of all of Mooneyham's claims and to stay this action pending the outcome of that arbitration.

4. Alternatively, should this Court decline to compel arbitration and stay proceedings, it should strike Mooneyham's class-wide allegations made in support of each of her claims, and dismiss with prejudice her individual claim for public nuisance.

5. Mooneyham agreed in Bitcoin Depot's terms and conditions that she would not "bring, join or participate in any class action lawsuit as to any claim, dispute or controversy that" she may have against Bitcoin Depot or its marketing partners, such as Circle K. Accordingly, all of Mooneyham's class claims should be stricken and dismissed with prejudice.

6. Unfair and deceptive trade practices claims cannot be pursued in a "representative capacity" under South Carolina law. S.C. Code Ann. § 39-5-140(a). For a separate, independent reason, Mooneyham's class claim based on the South Carolina Unfair and Deceptive Trade Practice Act should be dismissed with prejudice.

7. Finally, in order for a private litigant to pursue a claim of public nuisance, she must have suffered harm distinct from what she alleges the public suffered. Neither Mooneyham nor the class have suffered such a harm. And Mooneyham certainly has not suffered a harm that is special or unique to her. Thus, Mooneyham's public nuisance claim on both an individual and class-wide basis should be dismissed with prejudice.

In support of this motion, Circle K files concurrently a Memorandum in Support of its Motion to Compel Arbitration and to Stay or, in the Alternative, to Strike Class Allegations and to Dismiss and the Declaration of David O'Toole.

**WHEREFORE,** Circle K prays that this Court award the relief requested above and grant such other and further relief as may be just and proper.

This 3rd day of June, 2024

*/s/ Amanda Pickens Nitto*
Stephen M. Cox
Federal I.D. No. 6913
scox@robinsonbradshaw.com

Amanda Pickens Nitto
Federal I.D. No. 12620
anitto@robinsonbradshaw.com

Benjamin C. DeCelle
Federal I.D. No. 12995
bdecelle@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, P.A.
202 E. Main St., Ste. 201
Rock Hill, South Carolina 29730
Telephone:     803.325.2900
Facsimile:     803.325.2929

*Attorneys for Defendant Circle K Stores Inc.*